UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARNOLD CHAPMAN, individually and as a representative of similiarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>FIRST INDEX, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant First Index, Inc. ("First Index"), by and through its attorneys, hereby removes this action to the United States District Court for the Northern District of Illinois, Eastern Division pursuant to the procedures of 28 U.S.C. §§ 1441, 1446, and 1453 asserting the federal Court's jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1367. The action was pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois. In support of the Notice of Removal, First Index states as follows:

1. This Court has two independent bases for asserting subject matter jurisdiction over this case: (a) federal question jurisdiction under the Telephone Consumer Protection Act, 47 U.S.C. § 227, (the "TCPA") and (b) diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Removal is proper under either basis.

## PROCEDURAL BACKGROUND

2. Plaintiff Arnold Chapman originally filed this case on August 7, 2009 in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois styled as *Chapman v. First Index, Inc.,* number 09 CH 3177 (the "State Court Action"). He alleges that First Index

sent unsolicited fax advertisements to him and numerous others in violation of the TCPA. (*See* Compl., attached as Ex. A, ¶¶ 13, 24.) He also asserts a class claim for conversion. (*Id.*, ¶ 36.)

3. On August 11, 2009, Plaintiff served the summons and complaint on Corporate Service Company. First Index has not otherwise been served. This Notice of Removal is timely under 28 U.S.C. § 1446(b), even assuming First Index was properly served through Corporate Service Company. A copy of the summons and complaint are attached as Exhibit A. Plaintiff also served a motion for class certification with the summons and complaint. The motion is attached as Exhibit B.

4. First Index has not been served with any other documents in the State Court Action and, thus, under 28 U.S.C. § 1446(a) the attached summons, complaint, and motion for class certification constitute "all process, pleadings, and orders served upon" First Index.

5. This Court is the proper venue for removal because the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois is located within the geographical boundaries of the U.S. District Court for the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. § 93(a)(1).

6. In accordance with 28 U.S.C. § 1446(d), First Index will promptly file in the State Court Action a copy of this Notice with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois.

**THE STATE COURT COMPLAINT**

7. Plaintiff purports to bring Count I of his complaint under the TCPA. (Compl. ¶ 16.)

8. Plaintiff is citizen of Illinois. (Compl. ¶ 9.)

2

9. Plaintiff correctly alleges that First Index is a New Jersey corporation. (Compl. ¶ 10.) First Index's principal place of business is in Washington state, not New Jersey as Plaintiff alleged. (W. Gay Declr., Ex. C.) Regardless, diversity exists between the two parties.

10. Plaintiff purports to represent two classes consisting of "all persons" who received faxes from Defendant "advertising the commercial availability of any property, goods or services by or behalf of Defendant" and who had not given Defendant permission to send the fax and did not have a prior business relationship with Defendant. (Compl. ¶¶ 16, 30.) The only difference between the classes is that one purports to go back four years; the other, five. (*Id.*)

11. Plaintiff has not sought to restrict class membership to any particular state or region. (Compl. ¶¶ 16, 30.)

## THE COURT HAS TWO INDEPENDENT BASES FOR JURISDICTION.

12. This Court has original jurisdiction over the State Court Action for two reasons, either of which will support removal. The TCPA raises a federal question and the complaint creates diversity jurisdiction under CAFA. *Benedia v. Super Fair Cellular, Inc.*, No. 07 C 1390, 2007 WL 2903175, at *1 (N.D. Ill. Sept. 26, 2007) ("The Seventh Circuit's decision in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), settled this issue. In *Brill*, the Court concluded that TCPA claims brought in state court may be removed to federal court under *either* the Class Action Fairness Act ('CAFA') *or* the general removal provision") (emphasis orig.).

### The TCPA Creates Federal Question Jurisdiction.

13. The State Court Action asserts violations of the TCPA, a federal statute. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over claims brought under the TCPA. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005) (TCPA claims may be removed to federal court); *Benedia*, 2007 WL 2903175, at *1 (TCPA

claims brought in state court may be removed); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 949, 2006 WL 1132386, at *3 (N.D. Ill. Apr. 19, 2006) (*Brill* is controlling authority requiring that the Court exercise subject matter jurisdiction over removed TCPA claims). Thus, this Court has original jurisdiction under 28 U.S.C. § 1331.[1]

14. First Index is entitled to remove this case for federal question jurisdiction. *See* 28 U.S.C. § 1441(b). It is the only defendant and, thus, no consents are required.

15. This action is properly removed under 28 U.S.C. §§ 1441 and 1446.

### The Court Has Diversity Jurisdiction Under CAFA.

16. Independently of federal question jurisdiction, this Court also has original jurisdiction over the State Court Action under CAFA. *See* 28 U.S.C. § 1332(d)(2). CAFA expanded the Court's diversity jurisdiction to give it original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* The State Court Action asserts a class action that meets both the diversity and jurisdictional amount requirements.

17. First, the State Court Action alleges diversity of citizenship. Plaintiff does not limit class membership by state and has, thus, asserted nationwide putative class. (Compl. ¶¶ 16, 30.) This necessarily creates diversity between the putative class and First Index.

18. Moreover, Plaintiff and First Index are also diverse parties; Plaintiff is a citizen of Illinois; First Index, New Jersey and Washington. (*Id.* ¶¶ 9, 10.)

---

[1] If the Court exercises solely its federal question jurisdiction over the State Court Action's TCPA claim, the Court should exercise supplemental jurisdiction over the related conversion claim. *See* 28 U.S.C. § 1367.

4

19.  Second, the State Court Action meets the jurisdictional amount under CAFA. The complaint does not contain an *ad damnum* allegation. However, Plaintiff claims $500 in statutory damages for every allegedly unsolicited fax. (Compl. ¶ 22.) Plaintiff additionally claims to be entitled to trebling of the damages under 47 U.S.C. § 227. (Compl. ¶ 23.) Thus, just 3,333 allegedly offending faxes over the last four years would meet the $5,000,000 threshold. This is less than 834 advertising faxes per year, or less than 70 per month.

20.  Plaintiff's complaint suggests significantly more faxes than such minimal numbers. Plaintiff accuses First Index of using faxes for "advertising." (*E.g.* Compl. ¶ 12.) It follows that a business engaged in fax advertising would send thousands of fax advertisements every month.[2] In fact, Plaintiff himself concedes that the class "is so numerous that joinder of all members is impractical." (*Id.* ¶ 17(a).)

21.  In an apparent attempt to circumvent diversity jurisdiction, Plaintiff "expressly disclaims any individual recovery in excess of $75,000." (Compl. ¶ 8.) CAFA, however, requires the Court to consider the aggregate recovery of the class, not the individuals' recovery. *See* 28 U.S.C. § 1332(6) ("the claims of the individual class members shall be aggregated"). Indeed, to the extent Plaintiff's pleading suggests that he or any other class member could recover anywhere near $75,000 as an individual recovery (*e.g.*, Compl. ¶ 8), the $5,000,000 aggregate threshold is easily met.

22.  In addition to statutory damages, the complaint seeks injunctive relief, "appropriate damages," and other relief. (Compl. at 6-7, 9-10.) The cost to First Index for all of this relief may also be used to establish the jurisdictional amount under CAFA. *Oshana v. Coca-*

---

[2] Advertising, by definition, involves widespread promotion. *See* BLACK'S DICT. at 63 (9th ed. 2009) (defining "advertising" as "1. The action of drawing the *public's* attention to something... 2. The business of producing and *circulating* advertisements.") (emphasis added).

5

*Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (actual damages, attorneys' fees and punitive damages considered as part of amount in controversy for jurisdictional amount); *The Home Depot, Inc. v. Rickher*, No. 06-8006, 2006 WL 1727749, at *2 (7th Cir. May 22, 2006) (cost of injunctive relief to defendants counts toward jurisdictional amount).

23. Here, if the complaint is taken as true, the injunctive relief would limit First Index's advertising activities. Thus, the cost of the injunctive relief would constitute the value of First Index's lost business due to a lack of marketing, which would be significant.

24. Moreover, the cost of complying with the requested injunctive relief are appended to the $1,500 statutory damages per fax Plaintiff seeks for the class—plus the alleged actual damages for supposed conversion of the class' "fax machines, toner and paper" as well as their "employees' time" (Compl. ¶ 34)—to determine whether the jurisdictional amount has been met. *See Oshana*, 472 F.3d at 512. Here, the complaint in the State Court Action meets the jurisdictional amount, establishing this Court's original jurisdiction over the case. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (citation omitted).

25. Finally, publicly available settlements, which have been entered into court records and cannot be reasonably disputed, confirm that the potential amount in controversy is likely to exceed $5,000,000. The Court can take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also In re Consolidated Indus. Corp.*, 397 F.3d 524, 527 (7th Cir. 2005) (taking judicial notice of order approving settlement). Stipulated settlements that are part of the public record in other case asserting similar TCPA violations indicate that the

damages sought by the putative classes will easily exceed the CAFA $5,000,000 threshold. *E.g. Gans v. Seventeen Motors, Inc.*, 01-L-478 (Ill. Cir. Ct. July 1, 2002) ($6.5 million class settlement for alleged "junk faxing" in violation of TCPA); *see also Accounting Outsourcing, L.L.C. v. Verizon Wireless Personal Commnc'ns., L.P.*, No. 03-cv-161, 2007 U.S. Dist. LEXIS 97153, (M.D. La. Aug. 2, 2007) ($6 million class settlement for alleged "junk faxing" in violation of TCPA); *People of the State of California v. Fax.com Inc.,* No. 03-01438 (S.D. Calif. May 30, 2007) ($45,408,000 in settlements for alleged unsolicited facsimile advertising services and prerecorded telephone call services in violation of TCPA and an unfair business statute).

26. None of the exceptions to CAFA applies here. *See* 28 U.S.C. §§ 1332(d)(3) & (4).

\*　\*　\*

WHEREFORE, Defendant First Index, Inc. gives notice to the Court of the removal of this action from the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division and respectfully requests that this Court exercise jurisdiction over the claims asserted in the action as if the case were originally filed before this Court.

Dated: September 8, 2009                     Respectfully submitted,


                                             /s/ Ian H. Fisher
                                             One of the Attorneys for Defendant
                                             First Index, Inc.

Ian H. Fisher (fisher@sw.com)
Timothy C. Samuelson (samuelson@sw.com)
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300

## **CERTIFICATE OF SERVICE**

I, Ian H. Fisher, an attorney, state that I caused a copy of the attached **Notice of Removal** to be served by first class U.S. Mail, postage prepaid and by electronic mail this 8th day of September, 2009, on the following individuals:

>Brian J. Wanca
>Anderson & Wanca
>3701 Algonquin Road, Suite 760
>Rolling Meadows, IL 60008
>
>Phillip A. Bock
>Bock & Hatch, LLC
>134 North LaSalle Street, Suite 100
>Chicago, IL 60602

>/s/ Ian H. Fisher