UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARNOLD CHAPMAN, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09 C 5555 |
| FIRST INDEX, INC., | ) ) ) | Judge Sara L. Ellis |
| Defendant. | ) | |

**OPINION AND ORDER**

In September 2009, Plaintiff Arnold Chapman, on behalf of himself and all others similarly situated, filed this lawsuit against First Index, Inc. ("First Index"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and a common law conversion claim. On March 4, 2014, the Court denied Chapman's motion for class certification, finding that individual issues predominate and that the class is unascertainable. Doc. 183.[1] Chapman now seeks leave to file an amended complaint with a new class definition. An additional party, All American Painting, which also received a fax from First Index in 2006, seeks leave to intervene as a named plaintiff and class representative. First Index opposes these motions and has filed its own motion to dismiss Chapman's claims pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that his individual claims are now moot. The Court finds that amendment is not warranted and thus denies Chapman's motion for leave to file an amended complaint [186]. All American Painting's motion to intervene [189], filed solely for the purpose of pursuing the amended complaint, is denied as moot. First Index's motion to dismiss [185] is

---

[1] The Court presumes familiarity with its March 4, 2014 Opinion and Order and thus does not recount the background details set forth therein.

granted, as First Index's settlement offer provides Chapman with the entirety of the relief to which he is entitled and was open while no class certification motion was pending.

I.  **Chapman's Motion for Leave to File First Amended Complaint**

After the Court denied his motion for class certification, Chapman filed a motion for leave to amend the complaint so as to pursue new class claims using a revised class definition. The class the Court found uncertifiable specifically excluded those who consented to receive faxes. In Chapman's proposed amended complaint, he seeks to pursue a new theory of liability—that First Index violated the TCPA by failing to include a compliant opt-out notice. This alleged violation, according to Chapman, does not depend on whether there was consent. Chapman's proposed class definition is:

> All persons who were sent one or more telephone facsimile messages on or after August 7, 2005, that advertised the commercial availability of property, goods, or services offered by First Index, and either (a) did not include an opt-out notice of any kind or (b) included one of the following opt-out notices:
>
> You are receiving this fax due to a request of information you made previously. If you have received this fax in error, please fax with "Remove" in the company along with your company name and fax number to 509 570 0415.
>
> You are receiving this fax due to a request of information you made previously. If you have received this fax in error, please fax with "Remove" in the co along with your company name and fax number to 509 570 0415.
>
> You are receiving this fax due to a request of information you made previously. If you have received this fax in error, please fax with "Remove" in the company along with your company name and fax number to: 509-747-5697.

Doc. 186-1 ¶ 17.

Rule 15(a) provides that amendments to the pleadings are allowed "only with the opposing party's written consent or the court's leave," with the Court instructed to "freely give

leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Rule 15(a) provides a liberal standard for granting leave to amend pleadings, the Court "need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 183, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Where a scheduling order has been entered and the deadline for amendments has passed, the party seeking amendment must first demonstrate good cause before Rule 15(a)'s more liberal standard for amendments applies. Fed. R. Civ. P. 16(b)(4); *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). In determining whether good cause exists, the Court "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

First Index initially argues that even though no deadline for amending the pleadings was ever set in this case, Rule 16(b)'s good cause standard nonetheless applies. First Index relies on a case from the Eastern District of California, *Gonzales v. Comcast Corp.*, in which despite there being no express deadline for amending the pleadings, the court conducted an analysis under Rule 16(b) with respect to whether other deadlines, including those for the close of class discovery and the filing of a motion for class certification, should be modified in conjunction with a request to file an amended complaint. No. 1:10-cv-01010-LJO-SKO, 2011 WL 1833118, at *3–6 (E.D. Cal. May 13, 2011). But the court considered whether leave to file the amended complaint should be granted only under Rule 15(a), undermining First Index's argument. *Id.* at *3, 7–8. Other courts across the country have applied Rule 16(b) even though no express deadline exists where all discovery deadlines have passed or where the parties and the court have

clearly understood that the time for amendment has passed. *See, e.g.*, *Smith v. Honeywell Int'l, Inc.*, No. 10-CV-03345-ES-JAD, 2014 WL 301031, at *5 (D.N.J. Jan. 27, 2014) ("Where a scheduling order sets no amendment deadline, courts have looked to when discovery closed to determine whether the motion to amend is untimely under Rule 16. Rule 16(b) applies to a motion to amend even when there is no scheduling order deadline, if any possibility to amend the pleadings would expire when discovery closed." (citations omitted) (internal quotation marks omitted)); *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-CV-726(CBA), 2012 WL 2458060, at *5 (E.D.N.Y. June 27, 2012) ("Rule 16 will apply, even absent a specific deadline in a scheduling order, where the record contains some indication that the court and the parties understood that the pleadings would not be further amended."). But numerous other courts have declined to apply Rule 16(b) where no explicit deadline for amendment of pleadings has been set. *See, e.g.*, *Moeller v. Taco Bell Corp.*, No. C 02-5849 PJH, 2013 WL 6140730, at *1 (N.D. Cal. Nov. 21, 2013); *Broadmoore Villa, LLC v. Am. Crest, Inc.*, No. Civ. A. H-12-819, 2012 WL 4339286, at *1 n.11 (S.D. Tex. Aug. 31, 2012); *Kingsburg Apple Packers, Inc. v. Ballantine Produce Co.*, No. 1:09-CV-901 AWI JLT, 2012 WL 718638, at *2 (E.D. Cal. Mar. 5, 2012); *Kunin v. Costco Wholesale Corp.*, No. 10-11456, 2011 WL 6090132, at *2 (E.D. Mich. Dec. 7, 2011); *S. Shrimp Alliance v. La. Shrimp Assoc.*, No. 07-3268, 2009 WL 3447259, at *3 n.2 (E.D. La. Oct. 20, 2009).

      The Court need not take a position on the issue in this case, however, for even applying the more liberal standards of Rule 15(a), the Court finds that amendment is not proper. First, Chapman unduly delayed in seeking to amend the class definition. "Delay on its own is usually not reason enough for a court to deny a motion to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). The longer the delay, however, "the greater the presumption against granting

4

leave to amend." *Id.* (quoting *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)). Chapman has been aware of the contents of the faxes at issue since their receipt in 2006. One of those faxes did not include any opt-out notice while the other included an opt-out notice that Chapman now contends does not comply with federal regulations. Other examples of First Index faxes were produced to Chapman on June 9, 2011. The case was filed approximately four and a half years ago. Fact and expert discovery closed over a year and a half ago. The alleged merits of Chapman's opt-out claim are not newly discovered, as the relevant regulations went into effect in 2006. Chapman even foreshadowed the opt-out claim prior to filing this motion by discussing the regulations in the class certification briefing. And by claiming that discovery would not have to be reopened if amendment were allowed, Chapman in effect admits that he could have brought his amended complaint, with the revised class definition, long before the parties briefed the class certification motion and the Court issued its opinion. But instead of seeking leave to amend the class definition to expressly argue this theory, Chapman's counsel disavowed an opt-out notice class in favor of continuing with the now-rejected class definition that excluded those who had consented to receive faxes from First Index.

In fact, Chapman had several opportunities to amend his class definition. Although the class definition evolved from that proposed in the complaint to that considered by the Court in the motion for class certification, Chapman consistently pursued a consent-based class. *See* Doc. 1-2 ¶ 16; Doc. 151; Doc. 165-1. But in briefing his motion for class certification, particularly in his reply, Chapman raised arguments related to the propriety of the opt-out notice on the faxes. This prompted First Index to file a motion to strike those portions of the reply that argued that persons who expressly consented or agreed to receive faxes have a cause of action under the TCPA. Doc. 165. At the hearing on that motion, counsel for First Index asked whether

Chapman was seeking to amend the class definition to include those who had consented. Counsel for Chapman responded: "We have not filed that motion. I mean, we're just trying to argue certification of the class we've already proposed." Doc. 169 at 6:8–13. The district judge assigned to the case at the time agreed that "[i]t will be difficult if [Chapman] shift[s] the definitions midstream," with Chapman's counsel then volunteering that the class definition remain as proposed in the motion for class certification "unless the Court changes it." *Id.* at 6:14–20. The decision to delay amendment until after the parties and Court expended time and resources considering Chapman's initial proposed class definition and theory was a strategic one. Now that Chapman has not succeeded on his initial definition, he seeks a second bite at the apple based on a theory he could have pursued years ago. Such gamesmanship is not appropriate, particularly where Chapman was aware of the potential that his class definition was deficient yet spurned several opportunities to cure that deficiency. *See Foman*, 371 U.S. at 182 (amendment may be denied for "repeated failure to cure deficiencies"). His delay and bad faith thus weigh against allowing amendment. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (district court did not abuse its discretion in denying leave to amend "late in the game" based on information "available long before [the plaintiff] sought leave to amend").

Chapman's attempt to revive his class claims through amendment is also unduly prejudicial to First Index, as First Index has proceeded for four and a half years under the assumption that this case was about whether First Index violated the TCPA by failing to obtain Chapman's and other putative class members' consent. But now, after discovery has closed and time and resources have been spent preparing a defense against that theory of the case, Chapman wants to change the theory in an attempt to get around this Court's class certification decision. This is not appropriate. *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995)

6

("Consistently, we have affirmed denials of a motion for leave to amend under circumstances similar to those presented here, specifically where a plaintiff has sought leave to amend after the defendant filed a successful motion for summary judgment."); *Kleinhans v. Lisle Savs. Profit Sharing Trust*, 810 F.2d 618, 625 (7th Cir. 1987) (amending the complaint is discouraged after discovery is closed and motions for summary judgment have been ruled on, particularly where it appears that the motion "represents an apparent attempt to avoid the effect of [the court's] summary judgment [opinion]" (internal quotation marks omitted)); *Spectra Merch. Int'l, Inc. v. Euler ACI Collection Servs., Inc.*, No. 03 C 899, 2004 WL 1965695, at *3 (N.D. Ill Aug. 27, 2004) (allowing amendment of complaint would unfairly prejudice defendant where plaintiff did not base its new allegations "on any newly discovered evidence, but rather wants to rephrase its claims to fit the legal contours of [the court's] opinion"). As the Seventh Circuit has made clear, "[t]here must be a point at which a plaintiff makes a commitment to the theory of its case." *Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1304 (7th Cir. 1993). Chapman's request to change his theory and propose a new class is "exactly the sort of switcheroo [the Seventh Circuit] ha[s] counseled against."[2] *Johnson v. Cypress Hill*, 641 F.3d 867, 873 (7th Cir. 2011). Although Chapman insists that his new theory regarding the opt-out notice was explored during discovery, the Court is not persuaded that no additional discovery would be required for First Index to adequately defend against the new allegations and present a proper response to Chapman's amended motion for class certification. Essentially, First Index would "have to engage in a new contest on different issues—four years after the action was started." *Methodist*

---

[2] Although Chapman in his reply states that the Court suggested that he amend his complaint to press the theory that opt-out notices are required even when a fax is not unsolicited, this misrepresents the Court's class certification opinion. The Court never suggested that Chapman amend his complaint but rather only stated that his arguments regarding opt-out information were irrelevant for purposes of class certification as he had not moved to amend his complaint or class definition. *See* Doc. 183 at 7 ("Further, Chapman has not disavowed the limitation in his class definition that makes consent an issue, thus rendering his argument regarding opt-out information irrelevant for purposes of class certification.").

7

*Med. Ctr. of Ill.*, 10 F.3d at 1304. Because these factors weigh against amendment, Chapman's motion for leave to file the first amended complaint [186] is denied.

## II.     All American Painting's Motion to Intervene

After Chapman filed his motion for leave to file the amended complaint, All American Painting moved to intervene as a named plaintiff and representative of the putative class on the proposed amended complaint. All American Painting seeks to press the theory that opt-out notices are required even when a fax is not unsolicited. All American Painting admits that it is "intervening only because [First Index] claims to have mooted Chapman's standing to advance his existing motions for leave to file the First Amended Complaint and amended motion for class certification." Doc. 196 at 9. But because the Court has found that allowing amendment of the complaint is unwarranted, thus making the amended motion for class certification moot, All American Painting's basis for intervention is moot. Thus, All American Painting's motion to intervene [189] is denied. If All American Painting wishes to pursue its own individual action against First Index, it should file a separate lawsuit.

## III.    First Index's Motion to Dismiss

Finally, the Court must address First Index's motion to dismiss Chapman's claims as moot pursuant to Federal Rule of Civil Procedure 12(b)(1). While Chapman's class certification motion was pending, First Index made a settlement offer to Chapman to resolve his individual claims. That offer read:

> First Index has authorized a collective settlement offer and Fed. R. Civ. P. 68 offer of judgment in the amount of $3,002.00, plus all reasonable costs incurred by Plaintiff excluding attorneys' fees, to resolve all of Arnold Chapman's individual claims against them. This represents the maximum Arnold Chapman stands to recover in this matter as a matter of law. In addition, First Index, Inc. is willing to agree to entry of a stipulated injunction against them prohibiting them from engaging in the statutory violations at issue

8

> in this action. First Index, Inc. also agrees to provide Plaintiff with any other relief which is determined by the court to be necessary to fully satisfy all of Plaintiff Arnold Chapman's pending individual claims. This collective offer will remain open until 14 days after the court rules on Plaintiff's Motion for Class Certification, at which time it will be automatically withdrawn.

Doc. 185-1. On March 4, 2014, the Court denied Chapman's motion for class certification, leaving only Chapman's individual claims at issue. By its terms, First Index's settlement offer was open for fourteen days after the Court ruled on class certification, while no class claims or motion for class certification were pending. On March 19, 2014, Chapman sought leave to file an amended complaint asserting an amended class definition, and on April 2, 2014, Chapman filed an amended motion for class certification.

Article III provides federal courts with jurisdiction over live cases and controversies. A litigant must "have a personal interest in the case at the beginning of the litigation" that "must persist throughout its entirety." *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). A defendant's offer to satisfy the plaintiff's entire demand negates any dispute over which to litigate, regardless of whether the offer is accepted, and thus deprives the plaintiff of a personal stake in the lawsuit. *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991). Under such circumstances, the plaintiff's claim is rendered moot and the case must be dismissed. *Id.* Although Chapman did not accept the settlement offer, First Index nonetheless maintains that the offer rendered his individual claims moot as it provides him with complete relief for those claims. *See Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999).

Chapman argues that First Index's offer did not moot the case because it was made in May 2013 under Rule 68 and thus was automatically withdrawn within fourteen days, while the class certification motion was still pending. But First Index's offer was structured not only as a Rule 68 offer of judgment but also as a settlement offer, which was to remain open for fourteen

9

days after the Court ruled on Chapman's motion for class certification. A settlement offer has the same effect as a Rule 68 offer of judgment in terms of mooting a plaintiff's claim as long as it provides the plaintiff with complete relief. *See Martin v. PPP, Inc.*, 719 F. Supp. 2d 967, 970–71 (N.D. Ill. 2010). Thus, there was an open settlement offer after Chapman's class certification motion was denied and while only his individual claims were pending.

Chapman next argues that First Index's offer does not provide complete relief because it invokes Rule 68, placing him at risk for any costs First Index might incur after the offer was made, and because it does not include payment of costs incurred arising from class claims. But any Rule 68 offer of judgment expired before the Court's decision on class certification, as both Chapman and First Index acknowledge, and thus Chapman is not at risk of having to pay First Index any costs it incurs. Additionally, there is no basis for finding that the offer is inadequate because Chapman may be on the hook for certain class costs or the cost of appealing the Court's class certification decision. Although Chapman cites to *McMahon v. LVNV Funding, Inc.* for this proposition, the Court fails to see how *McMahon* supports his argument. 744 F.3d 1010 (7th Cir. 2014). *McMahon* does not provide that an offer of individual relief must also cover costs related to class claims; it only addresses the shortcomings in the defendant's offer to settle the plaintiff's individual claims in that specific case, which included insisting that the class claims be dismissed without appeal and reserving the right to object to additional relief the defendant deemed unreasonable. *Id.* at 1019. First Index's offer contains no such limitations. Indeed, there is no dispute that First Index's offer provides Chapman with complete relief for his individual claims. The monetary amount offered is above the maximum amount Chapman could recover for receipt of the two faxes pursuant to the TCPA's damages provisions. *See* 47 U.S.C. § 227(b)(3) (providing that an individual may recover actual monetary loss or $1,500 for each

violation if the defendant is found to have willfully or knowingly violated the TCPA). First Index has also agreed to the injunctive relief Chapman requests in the complaint, as well as reasonable costs excluding attorneys' fees. Finally, First Index agreed to provide Chapman with any other relief the Court deems necessary, without reserving the right to object to such relief. *Cf. McMahon*, 744 F.3d at 1019. Thus, the offer is sufficient to satisfy Chapman's individual claims.

Nonetheless, Chapman argues that First Index's offer does not moot his ability to pursue class relief, relying again on *McMahon*. In *McMahon*, the district court dismissed the plaintiff's classwide allegations but allowed his individual claims to proceed. 744 F.3d at 1013. The plaintiff moved for reconsideration, which the court denied, but the court in its order granted plaintiff leave to amend his class complaint. *Id.* That same day, the defendant offered to settle the case. *Id.* Instead of responding, the plaintiff filed an amended class complaint and amended motion for class certification, as allowed by the district court. *Id.* at 1014. The defendant moved to dismiss the case as moot based on its settlement offer. *Id.* Although the district court agreed, *id.*, the Seventh Circuit reversed, concluding that the plaintiff's "decision to reject [the defendant's] settlement offer did not moot his interest in the case for purposes of his ability to serve as a class representative," *id.* at 1019.

The Court does not understand *McMahon* to stand for the proposition that Chapman may continue to pursue his individual claims, which are the only claims remaining here. Instead, *McMahon* just reiterates the principle that a settlement offer for a plaintiff's individual claims does not moot his interest in pursuing an appeal of the denial of class certification or an amended motion for class certification if the court had granted leave to file such a motion prior to the offer being made. *Id.* at 1017–19. First Index does not dispute that Chapman can still appeal from the

11

denial of certification.  *See Greisz*, 176 F.3d at 1015 (plaintiff "could have accepted the offer of judgment without giving up her right to appeal from the denial of certification, since the offer was to her, not to any other members of the class").  The Court had not, however, given Chapman leave to file an amended complaint with additional class claims at the time the settlement offer was pending.  *Cf. McMahon*, 744 F.3d at 1013.  Nor does the Court now allow Chapman to amend the complaint.  Thus, because only individual claims were pending at the time the offer was open, First Index's offer operates to moot Chapman's individual claims.  *See id.* at 1015 (offer of judgment made after district judge refused to certify suit); *Rand*, 926 F.2d at 597–98 (while settlement offer made after district court denied class certification mooted individual claims, "the dispute about certification of the class survive[d]").  First Index's motion is granted and this case is dismissed.  Chapman retains standing to appeal the Court's denial of class certification, along with the issues addressed in this Opinion.

## CONCLUSION

For the foregoing reasons, Chapman's motion for leave to file the First Amended Class Action Complaint [186] is denied, All American Painting's motion to intervene [189] is denied as moot, and First Index's motion to dismiss [185] is granted.  This case is terminated.

Dated: July 16, 2014

_____
SARA L. ELLIS
United States District Judge